UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -   X
                                 :
UNITED STATES OF AMERICA         :       **INDICTMENT**
                                 :
       - v. -                    :       18 Cr. _____
                                 :
ANDREEA DUMITRU,                 :
     a/k/a "Andreea Dumitru      :       **18 CRIM  243**
     Parcalaboiu,"               :
                                 :       JUDGE KAPLAN
        Defendant.               :
                                 :
- - - - - - - - - - - - - - -   X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 2 7 2018

## COUNT ONE
(Asylum Fraud)

The Grand Jury charges:

### Background on the Asylum Process

1.    Pursuant to federal immigration law, to obtain asylum
in the United States, an alien is required to show that he or
she has suffered persecution in his or her country of origin on
account of race, religion, nationality, political opinion, or
membership in a particular social group, or has a well-founded
fear of persecution if he or she were to return to such country.

2.    Aliens seeking asylum are required to complete and
submit a form called a Form I-589 to United States Citizenship
and Immigration Services ("USCIS"), an agency within the United
States Department of Homeland Security.  The Form I-589 requires
a detailed and specific account of the basis of the claim to
asylum.  If the Form I-589 is prepared by someone other than the

applicant or a relative of the applicant, such as an attorney, the preparer is required to set forth his or her name and address on the form. The applicant and preparer are required to sign the petition under penalty of perjury. The applicant must typically apply for asylum within one year of his or her arrival in the United States.

3.    After the Form I-589 is submitted, the applicant is interviewed by a USCIS officer (the "Asylum Officer") to determine whether the applicant qualifies for asylum. At the interview, the applicant can present witnesses or documentation in support of his or her asylum claim. After the interview, the Asylum Officer determines whether the applicant qualifies for asylum, and that determination is then reviewed by a supervisory officer within USCIS.

4.    If an applicant is granted asylum, he or she receives a completed Form I-94 that reflects that USCIS has granted him or her asylum status. The grant of asylum typically applies to the applicant's spouse and children as well. An alien who has a Form I-94 can apply for, among other things, lawful permanent resident status. A grant of asylum status does not expire, although USCIS can terminate asylum status if, among other things, it is later discovered that the applicant obtained asylum through fraud or no longer has a well-founded fear of persecution in his or her home country.

5.    If the Asylum Officer determines that the applicant is ineligible for asylum status, and if the applicant is in the United States illegally, the matter is referred to an Immigration Judge at the Executive Office for Immigration Review, an agency of the United States Department of Justice. The Immigration Judge holds a hearing during which the applicant, and commonly an immigration lawyer, appear before the Immigration Judge and present evidence in support of the asylum application.   In New York City, all immigration hearings take place in New York, New York.   After the hearing, the Immigration Judge renders a decision on the alien's asylum application.   If the Immigration Judge denies the asylum application, the applicant may appeal that decision to the Board of Immigration Appeals ("BIA").   If the applicant loses his or her appeal before the BIA, the applicant may appeal to a federal court.

<u>Overview of the Scheme</u>

6.    At all times relevant to this indictment, ANDREEA DUMITRU, a/k/a "Andreea Dumitru Parcalaboiu," the defendant, operated the law firm Andreea Dumitru & Associates, PC (the "Dumitru Law Firm"), in Queens, New York.

7.    At all times relevant to this indictment, the law practice of ANDREEA DUMITRU, a/k/a "Andreea Dumitru Parcalaboiu," the defendant, included the representation of individuals seeking asylum within the United States (the

3

"Asylum-Seeking Clients").

8.    On behalf of the Asylum-Seeking Clients, ANDREEA
DUMITRU, a/k/a "Andreea Dumitru Parcalaboiu," the defendant,
submitted applications for asylum to the United States
Department of Homeland Security and/or the Executive Office for
Immigration Review of the United States Department of Justice.

9.    On more than 180 of the asylum applications that were
filed by the Dumitru Law Firm, ANDREEA DUMITRU, a/k/a "Andreea
Dumitru Parcalaboiu," the defendant, knowingly made false
statements and representations about, among other things,
certain of the Asylum-Seeking Clients' criminal histories,
personal narratives of alleged persecution, and/or locations.
DUMITRU also forged the signatures of certain of the Asylum-
Seeking Clients, falsely notarized those forged signatures, and
then signed forms certifying that those Asylum-Seeking Clients
had signed the asylum applications in her presence.
Nevertheless, DUMITRU certified each application as true and
correct under penalty of perjury pursuant to Title 28, United
States Code, Section 1746.

## Statutory Allegations

10.    From at least in or about 2012, up to and including in
or about 2017, in the Southern District of New York and
elsewhere, ANDREEA DUMITRU, a/k/a "Andreea Dumitru Parcalaboiu,"
the defendant, did knowingly make under oath and subscribe as

4

true under penalty of perjury pursuant to Title 28, United States Code, Section 1746, false statements with respect to a material fact in an application submitted pursuant to the immigration laws and regulations prescribed thereunder, and knowingly presented applications, affidavits, and other documents which contained such false statements and which failed to contain a reasonable basis in law and fact, to wit, DUMITRU, in the course of her legal representation of applicants for asylum, submitted applications for asylum to the United States Department of Homeland Security and Executive Office for Immigration Review of the United States Department of Justice, in which she knowingly made false statements and representations.

(Title 18, United States Code, Sections 1546(a) and 2.)

## COUNT TWO
### (False Statements)

The Grand Jury further charges:

11.  From at least in or about 2012, up to and including in or about 2017, in the Southern District of New York and elsewhere, ANDREEA DUMITRU, a/k/a "Andreea Dumitru Parcalaboiu," the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully did make materially false, fictitious, and fraudulent statements and representations, and knowingly and

willfully did make and use a false writing and document knowing the same to contain materially false, fictitious, and fraudulent statements and entries, to wit, DUMITRU made false statements and representations to the United States Department of Homeland Security and the Executive Office for Immigration Review of the United States Department of Justice, in the course of her legal representation of applicants for asylum.

(Title 18, United States Code, Sections 1001(a)(2) and (3), and 2.)

### FORFEITURE ALLEGATION

12.   As a result of committing the offense alleged in Count One of this Indictment, ANDREEA DUMITRU, a/k/a "Andreea Dumitru Parcalaboiu," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), all conveyances, including any vessel, vehicle, or aircraft, used in the commission of said offense; all property, real and personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally

obtained.

## Substitute Assets Provision

13.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> a.   cannot be located upon the exercise of due diligence;
>
> b.   has been transferred or sold to, or deposited with, a third person;
>
> c.   has been placed beyond the jurisdiction of the Court;
>
> d.   has been substantially diminished in value; or
>
> e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section  853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

> (Title 18, United States Code, Section 982;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

_____
Foreperson

_____
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

v.

### ANDREEA DUMITRU,
### a/k/a "Andreea Dumitru Parcalaboiu,"

Defendant.

### INDICTMENT

18 Cr. ____

(18 U.S.C. §§ 1001, 1546, and 2.)

GEOFFREY S. BERMAN
United States Attorney

*[signature]*

Foreperson

*[handwritten annotation, partially illegible]*