UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-17-18
```

UNITED STATES OF AMERICA,

- v. -

ANDREEA DUMITRU,

Defendant.

**Protective Order**

18 Cr. 243 (LAK)

Upon the application of the United States of America, Geoffrey S. Berman, United States Attorney for the Southern District of New York, by and through Assistant United States Attorneys Alison G. Moe and Robert B. Sobelman, of counsel, for an order precluding the dissemination of material produced in this case pursuant to Rule 16 of the Federal Rules of Criminal Procedure (the "Discovery"), which includes material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this action.

IT IS HEREBY ORDERED that the Discovery shall be used by the defendant ("Defendant"), defense counsel of record ("Defense Counsel"), and anyone else who lawfully possesses Discovery pursuant to this Order, solely for purposes of defending this case.

IT IS FURTHER ORDERED that the Defendant and Defense Counsel are precluded from disseminating any of the Discovery, including any copies thereof or excerpts therefrom, or any information contained therein, to anyone other than: (a) the Defendant; (b) Defense Counsel; (c) any paralegal, investigator, or legal assistant employed or contracted by Defense Counsel ("Defense Staff"); (d) any expert, advisor, or any other individual retained or employed by the

Defendant and Defense Counsel for the purpose of assisting in the defense of this case ("Defense Experts/Advisors"); or (e) such other persons as hereafter may be authorized by Order of the Court ("Other Authorized Persons"). To the extent the Discovery is disclosed to Defense Staff, Defense Experts/Advisors, or Other Authorized Persons, Defense Counsel shall instruct such individual(s) of the terms of this Order and that such individual(s) are bound by this Order. To the extent that Discovery is disseminated to Defense Staff, Defense Experts/Advisors, or Other Authorized Persons, Defense Counsel shall encrypt and/or password protect the Discovery. Defense Counsel and Defense Staff may show, but not disseminate to or provide any copies of, the Discovery to potential witnesses ("Potential Witnesses") during the course of and for the purpose of investigation, after Defense Counsel and/or Defense Staff instructs such individual(s) of the terms of this Order and that such individual(s) are bound by this Order.

IT IS FURTHER ORDERED that the Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Witnesses, and Other Authorized Persons are precluded from posting or causing to be posted any of the Discovery or information contained in the Discovery on the Internet, including any social media website.

IT IS FURTHER ORDERED that the Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Witnesses, and Other Authorized Persons are precluded from publicly disclosing or disseminating the identity of any cooperating witnesses or confidential informants referenced in the Discovery.

IT IS FURTHER ORDERED that the Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Witnesses, and Other Authorized Persons are precluded, unless authorized by the Government in writing or by Order of the Court, from filing publicly as an attachment to a filing or excerpted within a filing, any of the Discovery or information

contained in the Discovery. Any filings that incorporate the Discovery by attachment, contain any excerpts of Discovery, or incorporate Discovery by reference must be filed under seal. Nothing in this Order precludes Defense Counsel from using the Discovery in judicial proceedings in this case.

IT IS FURTHER ORDERED that except for Discovery that has been made part of the record of this case, Defense Counsel shall return to the Government or securely destroy or delete all Discovery within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

IT IS FURTHER ORDERED that the provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

Dated: New York, New York
April 13, 2018

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
UNITED STATES ATTORNEY

By: *Robert B. Sobelman*

Alison G. Moe
Robert B. Sobelman
Assistant United States Attorneys

~~Justin Sher~~, Esq.
EMMA SPIRO, ESQ.

SO ORDERED:

HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

April 17, 2018

4