UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ANDREEA DUMITRU,
  a/k/a "Andreea Dumitru
    Parcalaboiu,"

Defendant.

18 Cr. 243 (LAK)

# GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
# TO DEFENDANT'S MOTIONS TO DISMISS AND FOR A BILL OF PARTICULARS

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-2225/2616

Alison G. Moe
Robert B. Sobelman
Assistant United States Attorneys
– Of Counsel –

The Government respectfully submits this memorandum of law in opposition to defendant Andreea Dumitru's motion to dismiss the indictment and motion for a bill of particulars.

## PRELIMINARY STATEMENT

On March 27, 2018 a grand jury sitting in this district returned an indictment charging the defendant with one count of filing fraudulent asylum applications, in violation of 18 U.S.C. § 1546(a), and one count of making false statements in immigration documents, in violation of 18 U.S.C. § 1001.  The charges arise from the defendant's practice as an immigration lawyer; in that capacity, the defendant filed asylum applications containing materially false statements for more than 180 individuals.

The defendant now moves this Court to dismiss the indictment, arguing that the indictment is multiplicitous.  This challenge is premature, as any double jeopardy issue should be dealt with at sentencing and is not grounds to dismiss a count before trial.  Accordingly, the defendant's motion to dismiss the indictment should be denied.

The defendant's motion for a bill of particulars fares no better.  The indictment and the Government's disclosures have adequately advised the defendant of the charges against her.  In addition to the indictment—which details the defendant's conduct—the Government has produced the fraudulent asylum applications the defendant filed.  The Government has also produced travel records for several of the defendant's clients, which show that the clients were not in the United States at the time the defendant submitted asylum applications, wherein the defendant swore under penalty of perjury that the applicants were in her presence in the United States.  Finally, the Government has produced criminal histories for the defendants' clients—for whom the defendant submitted asylum applications that certified the clients had no criminal histories.  Although the defendant labels her request as one for a "bill of particulars," she does not appear to be seeking

additional information about the Government's accusations; instead, the defendant asks this Court to compel the Government to create a roadmap of the Government's proof at trial. The defendant is not entitled to this information. The indictment fully and fairly advises the defendant of the charges against her, and the law requires nothing more.

## BACKGROUND

On March 27, 2018, the defendant was charged in an indictment with one count of knowingly making false statements in applications for asylum submitted to the United States Department of Homeland Security and Executive Office for Immigration Review of the United States Department of Justice, in violation of 18 U.S.C. § 1546(a), and one count of making false statements to immigration authorities, in violation of 18 U.S.C. § 1001. *See* Indictment, ECF No. 1.

### A. The Indictment

Count One of the Indictment charges the defendant as follows:

> From at least in or about 2012, up to and including in or about 2017, in the Southern District of New York and elsewhere, ANDREEA DUMITRU, a/k/a "Andreea Dumitru Parcalaboiu," the defendant, did knowingly make under oath and subscribe as true under penalty of perjury pursuant to Title 28, United States Code, Section 1746, false statements with respect to a material fact in an application submitted pursuant to the immigration laws and regulations prescribed thereunder, and knowingly presented applications, affidavits, and other documents which contained such false statements and which failed to contain a reasonable basis in law and fact, to wit, DUMITRU, in the course of her legal representation of applicants for asylum, submitted applications for asylum to the United States Department of Homeland Security and Executive Office for Immigration Review of the United States Department of Justice, in which she knowingly made false statements and representations.

*Id.* ¶ 10.

Count Two charges the defendant as follows:

> From at least in or about 2012, up to and including in or about 2017, in the Southern District of New York and elsewhere, ANDREEA DUMITRU, a/k/a "Andreea Dumitru Parcalaboiu," the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully did make materially false, fictitious, and fraudulent statements and representations, and knowingly and willfully did make and use a false writing and document knowing the same to contain materially false, fictitious, and fraudulent statements and entries, to wit, DUMITRU made false statements and representations to the United States Department of Homeland Security and the Executive Office for Immigration Review of the United States Department of Justice, in the course of her legal representation of applicants for asylum.

*Id.* ¶ 11.

In addition to the statutory allegations, the Indictment provides an overview of the asylum process and the alleged fraudulent scheme. As set forth in the Indictment, in order to obtain asylum under federal immigration law, "an alien is required to show that he or she has suffered persecution in his or her country of origin on account of race, religion, nationality, political opinion, or membership in a particular social group, or has a well-founded fear of persecution if he or she were to return to such country." *Id.* ¶ 1. Aliens seeking asylum are required to submit their application on a form called "Form I-589," which requires "a detailed and specific account of the basis of the claim to asylum." *Id.* ¶ 2. Both the asylum applicant *and* the person preparing the application are required to sign the Form I-589 asylum petition under penalty of perjury. *Id.*

Since at least 2012, the defendant has operated the law firm Andreea Dumitru & Associates, PC, in Queens, New York. *Id.* ¶ 6. The defendant's law practice included representing individuals seeking asylum within the United States. *Id*. ¶ 7. In that capacity, the defendant submitted applications for asylum to the United States Department of Homeland Security and/or the Executive Office for Immigration Review of the United States Department of Justice. *Id*. ¶ 8.

3

The Indictment alleges that the defendant submitted at least 180 fraudulent asylum applications. As the indictment explains:

> On more than 180 of the asylum applications that were filed by the Dumitru Law Firm, ANDREEA DUMITRU, a/k/a "Andreea Dumitru Parcalaboiu," the defendant, knowingly made false statements and representations about, among other things, certain of the Asylum-Seeking Clients' criminal histories, personal narratives of alleged persecution, and/or locations. DUMITRU also forged the signatures of certain of the Asylum-Seeking Clients, falsely notarized those forged signatures, and then signed forms certifying that those Asylum-Seeking Clients had signed the asylum applications in her presence. Nevertheless, DUMITRU certified each application as true and correct under penalty of perjury pursuant to Title 28, United States Code, Section 1746.

*Id.* ¶ 11.

### B. Evidence Produced to the Defendant to Date

The Government has produced to the defendant, pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure: (1) the 184 asylum applications the Government has identified as fraudulent;[1] (2) financial records for accounts where the defendant deposited legal fees from her clients; (3) criminal histories for the defendant's asylum clients; and (4) travel records reflecting that at least thirteen of the defendant's clients had not yet arrived in the United States at the time the defendant filed asylum applications, swearing that the clients were present in the United

---

[1] In her memorandum of law, the defendant incorrectly asserts that the Government produced applications for only "97 different asylum applicants." (Def. Mem. at 2 (citing Sher Decl. ¶ 12)). In its initial production of discovery on March 29, 2018, the Government produced 184 asylum applications, each placed in a separate digital folder labeled by the applicant's official alien number (*i.e.*, 184 different folders with unique labels). The defendant appears to have grouped together applications for spouses and family members with the principal applicant's applications, perhaps because each of those applications includes information about, as relevant to each application, the other spouse and/or member(s) of the principal applicant's family. With respect to some of the applications, there appear to be no other differences between the applications for some of the spouse pairs and families aside from the difference in the photograph appended to some of the spouse or family applications, but the Government considers each a separate application.

States.[2]

## ARGUMENT

The defendant's motions are meritless. The law is well-settled that any challenge to multiplicity must be made at the time of sentencing and that a pre-trial motion on that ground is premature. For that reason, the defendant's motion to dismiss the Indictment should be denied. The law also is well-settled that a bill of particulars is unwarranted in these circumstances, where the Indictment tracks the language of the relevant statutes and gives the approximate time and place of the crime. In addition, it is especially unwarranted here because the Government has provided the defendant with a copy of every false statement the defendant is accused of making. Therefore, the defendant's motion for a bill of particulars also should be denied.

### I. The Defendant's Motion to Dismiss Is Premature

The defendant moves to dismiss Counts One and Two on the ground that they are multiplicitous. This challenge is premature. It is well-settled that allegations of multiplicity are best resolved at the time of sentencing. *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006) (vacating district court's dismissal of count as multiplicitous prior to trial, as such a determination before trial is "at best premature"); *United States v. Mostafa*, 965 F. Supp. 2d 451, 464 (S.D.N.Y. 2013) ("[M]ultiplicity is properly addressed by the trial court at the sentencing stage."); *United States v. Rivera*, No. 09 Cr. 619 (SJF), 2011 WL 1429125, at *4 (E.D.N.Y. Apr. 13, 2011) ("Since it is possible that the jury will convict defendants on only one (1) of the respective counts that they allege are multiplicitous, and acquit defendants on all of the counts with which they allege that count is multiplicitous, the issue of whether the counts are

---

[2] Due to unforeseen delays in obtaining administrative approvals to release the criminal histories and travel records referenced herein, the Government produced the criminal histories and travel records subsequent to the defendant's filing of her pretrial motions.

5

multiplicitous in violation of the Double Jeopardy Clause is premature at the pretrial stage."). The case principally relied upon by the defendant, *United States v. Ortega*, No. 10 Cr. 2444, 2011 WL 3267896 (D. Ariz. June 3, 2011), reached the same conclusion: "the motion to dismiss is premature. The government is not precluded from indicting Defendant and going to trial on" both Section 1546 and Section 1001 charges. *Id.* at *3. Among other reasons, courts look to "the record as a whole in determining whether an indictment is in fact multiplicitous," and the record will not be established until trial. *United States v. McCourty*, 562 F.3d 458, 469 (2d Cir. 2009).

The defendant cites to *United States v. Polizzi*, 257 F.R.D. 33 (E.D.N.Y. 2009), for the proposition that dismissal of multiplicitious counts is appropriate prior to trial. *Polizzi*, however, was issued expressly as an advisory opinion in an unusual and entirely distinguishable context:

> In *Polizzi*—which was issued while an appeal concerning the underlying convictions was pending before the Second Circuit—the court indicated that it would likely grant the defendant a new trial on remand, because the case had been 'unduly expanded by extreme overindictment,' where the defendant had been charged with eleven counts of possession of child pornography and twelve counts of receipt of child pornography, and the "Second Circuit [had] ordered vacatur of all but one of the eleven possession counts, and suggested that convictions for eight of the twelve receipt counts be vacated on remand, leaving a total of five crimes rather than twenty-three as having been properly charged. *Polizzi*, 257 F.R.D. at 33, 36. The court noted that the 'number of crimes charged may well have caused the jury to consider the defendant's conduct more systematic and widespread than it would have were the [number of] charges reduced.' *See id.* at 38. No such 'extreme overindictment' is at issue here. In any event, *Polizzi* is in the nature of an advisory opinion. The court expressly states that it is intended as '[a] memorandum . . . for the advice of the parties only.'"

*United States v. Medina*, No. S3 13 Cr. 272 (PGG), 2014 WL 3057917, at *3 n.1 (S.D.N.Y. July 7, 2014) (holding that "[t]his Court need not resolve this [multiplicity] issue now . . . . In the event that Medina is convicted on all counts, this Court will revisit the issue at sentencing."). Moreover, *Polizzi* subsequently was reversed by the Second Circuit, *sub nom.*, in *United States v. Polouizzi*,

6

393 F. App'x 784, 785 (2d Cir. 2010). In any event, as with the two-count indictment in *Medina*, the two-count Indictment here is a far cry from an example of "extreme overindictment." The defendant's motion to dismiss should be denied.

## II. The Defendant Is Not Entitled to a Bill of Particulars

In her motion for a bill of particulars, the defendant asks the Court to order the Government to itemize—as to each of the over 180 fraudulent asylum applications the Government has identified and produced to defense counsel—which aspects of the applications are false. Because the indictment specifically identifies the bad acts for which the defendant is being prosecuted and the Government has provided fulsome information about each violation, no bill of particulars is appropriate.

"The purpose of a bill of particulars is to inform the accused of the charge against him or her with sufficient precision to enable preparation of a defense, minimize the danger of surprise at trial, and enable the accused to plead an acquittal or conviction in bar of further prosecution of the same offense." *United States v. Ahmad*, 992 F. Supp. 682, 683 (S.D.N.Y. 1998) (Kaplan, J.). "A bill of particulars 'is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" *United States v. Law*, No. 16 Cr. 676 (LGS), 2017 WL 1435746, at *2 (S.D.N.Y. Apr. 21, 2017) (quoting *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004)). "[A] bill of particulars is not a general investigative tool for the defense or a device to compel pretrial disclosure of the government's evidence." *United States v. Ballesteros Gutierrez*, 181 F. Supp. 2d 350, 354 (S.D.N.Y. 2002) (Kaplan, J.). Specifically, a "defendant [is not] 'entitled to disclosure of the manner in which the government will attempt to prove the charge, the precise manner in which the government will allege the defendant committed the crimes charged, or a preview of the government's evidence or legal theories.'" *United States v. Chambers*, No. 17 Cr. 396 (WHP), 2018 WL 1726239, at *2 (S.D.N.Y.

7

Apr. 9, 2018) (quoting *United States v. Skelos*, No. 15 Cr. 317 (KMW), 2015 WL 6159326, at *13 (S.D.N.Y. Oct. 20, 2015)).  "Where the defendant has the necessary information from other sources, including discovery materials, the government will not be compelled to provide particulars." *Ahmad*, 992 F. Supp. at 683.

Here, the Indictment specifically identifies that the defendant has filed false asylum applications, and the indictment informs the defendant which aspects of the applications are false: the sections on the I-589 form relating to the client's address, criminal history, and personal narrative of persecution.  The Government has also produced to the defendant, pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure, the asylum applications themselves.  *See United States v. Harding*, 273 F. Supp. 2d 411, 430 (S.D.N.Y. 2003) (Kaplan, J.) (denying motion for bill of particulars where "the government provided defense counsel with detailed information identifying numerous expenditures of HDC funds that, in the government's view, were attributable to Harding's unlawful conduct," including "more than 12,000 pages of discovery materials that are indexed"); *Ahmad*, 992 F. Supp. at 683 (holding that defendant was "not entitled to a bill of particulars" in light of, among other things, "the information supplied by the government").  The defendant cannot end-run around the well-settled limitations on discovery in criminal cases merely by asserting, in a conclusory manner, that if the Government does not identify every false aspect of every asylum filing, she will be unable to present an adequate defense at trial.  *See United States v. Ghayth*, No. S3 98 Cr. 1023 (LAK), 2013 WL 12226036, at *2 (S.D.N.Y. Nov. 26, 2013) (Kaplan, J.) (denying motion for bill of particulars because "'[w]hat defendant seeks is in the nature of the "wheres, whens and with whoms" that Courts have held to be beyond the scope of a bill of particulars.'" (quoting *United States v. Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001))).  Together, the Indictment and the Government's disclosures have put the defendant on ample notice

of the charges against her, which is all she is entitled to at this juncture. Accordingly, the request for a bill of particulars should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Dumitru's motion to dismiss the Indictment and motion for a bill of particulars.

Dated: New York, New York
May 14, 2018

                                  Respectfully submitted,

                                  GEOFFREY S. BERMAN
                                  United States Attorney
                                  Southern District of New York
                                  *Attorney for the United States of America*

                            By:    */s/*
                                  Alison G. Moe
                                  Robert B. Sobelman
                                  Assistant United States Attorneys
                                  1 St. Andrew's Plaza
                                  New York, New York 10007
                                  Tel.: (212) 637-2225/2616

Cc:    Justin Sher, Esq. (by ECF)
        Emma Spiro, Esq. (by ECF)