UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -against-

ANDREEA DUMITRU,

               Defendant.

18-CR-243 (LAK)

Oral Argument Requested

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ANDREEA DUMITRU'S MOTION TO DISMISS COUNT TWO OF THE INDICTMENT AS MULTIPLICITOUS AND FOR A BILL OF PARTICULARS

Justin M. Sher
Emma Spiro
**SHER TREMONTE LLP**
90 Broad Street, 23rd Floor
New York, New York 10004
Tel: 212.202.2600
jsher@shertremonte.com
espiro@shertremonte.com

*Attorneys for Andreea Dumitru*

Pursuant to Rules 7(f), 12(b)(1) and 12(b)(3)(B)(ii) of the Federal Rules of Criminal Procedure, Defendant Andreea Dumitru respectfully submits this Reply Memorandum of Law in further support of her motion to dismiss Count Two of the Indictment as multiplicitous and for a bill of particulars.

## PRELIMINARY STATEMENT

The Government seeks to proceed with its case against Ms. Dumitru by charging her twice for the same crime without identifying the particular criminal acts she allegedly committed. In opposing Ms. Dumitru's motion, the Government makes two procedural arguments that fail to address the underlying unfairness of its tactics. The Court should reject both arguments.

First, in response to Ms. Dumitru's application to dismiss Count Two of the Indictment, the Government does not dispute that the two counts in the Indictment are multiplicitous on their face. Instead, the Government argues that Ms. Dumitru's motion is "premature" because any double jeopardy issue may be dealt with at sentencing. Gov't Opp. Br. at 2, ECF No. 17. While the Government cites a line of cases that stands for the proposition that multiplicity may be addressed at sentencing, the Government fails to reconcile its authorities with Rule 12(b) and the multiple other cases that make clear that motions based on multiplicity "***must*** be made before trial." *See* Fed. R. Crim. P. 12(b) (emphasis added). Given that the Government makes no attempt to argue that the two counts in the Indictment are ***not*** multiplicitous, Rule 12(b) should be enforced, and Count Two should be dismissed before trial. Indeed, allowing the Government to present to a jury two different counts that, in effect, charge Ms. Dumitru with the same crime is tantamount to giving the Government "two bites at the apple" when it is entitled to only one.

Second, the Government incorrectly argues that Ms. Dumitru's motion for a bill of particulars should be denied because she is not entitled to a "preview of the government's

1

evidence or legal theories." *Id.* at 7 (internal quotations omitted). This argument mischaracterizes Ms. Dumitru's motion. In both Counts One and Two of the Indictment, the Government accuses Ms. Dumitru of making false statements in applications for asylum. The statements themselves constitute the crime Ms. Dumitru is accused of committing. Ms. Dumitru's request that the Government identify these statements therefore is not a request that that the Government disclose the "precise manner in which the government will allege the defendant committed the crimes charged," as the Government contends, but a request for basic information concerning the charges themselves. *Id*.

For these reasons and the other reasons set forth below, the Court should reject the Government's arguments and grant Ms. Dumitru's motion.

## ARGUMENT

### I. THE COURT SHOULD DISMISS COUNT TWO BEFORE TRIAL BECAUSE THE GOVERNMENT DOES NOT DISPUTE THE INDICTMENT IS MULTIPLICITOUS ON ITS FACE

The Government does not dispute that Counts One and Two of the Indictment are multiplicitous on their face. Nor does the Government dispute that Ms. Dumitru's rights under the Fifth Amendment would be violated if she were to be convicted on both counts. In opposing Ms. Dumitru's application to dismiss Count Two as multiplicitous, the Government argues only that the motion is "premature" and that any constitutional error could be corrected at sentencing. In essence, the Government seeks to go to the jury with two charges for the same crime in the hope that the jury will convict Ms. Dumitru of at least one. The Court should deny the Government this "two bites at the apple" strategy and avoid a constitutional error altogether by dismissing Count Two at this stage of the case.

Rule 12(b)(3) of the Federal Rules of Criminal Procedure sets forth a list of motions that "***must*** be made before trial" (emphasis added). One such motion is a motion alleging a defect in

the charging instrument, including "charging the same offense in more than one count (multiplicity)." Fed. R. Crim. Pro. 12(b)(3)(B)(ii).

Pursuant to this rule, the Second Circuit has repeatedly held that a multiplicity challenge is waived if it is not brought before trial. *See United States v. Sinnott*, 523 F. App'x 807, 809 (2d Cir. 2013) (holding that the defendant waived his multiplicity challenge by failing to raise it in a pretrial motion: "It is well-settled constitutional law that the constitutional protection against double jeopardy is a personal right and, like other constitutional rights, can be waived if it is not timely interposed at trial") (citing *Aparicio v. Artuz*, 269 F.3d 78, 96 (2d Cir. 2001)); *see also United States v. Ozbay*, 296 F. App'x 148, 150 (2d Cir. 2008) (holding that defendants waived their multiplicity challenges by failing to raise them "prior to trial"). Appellate courts in other circuits have reached the same conclusion. *See United States v. Lockett*, 859 F.3d 425, 427 (7th Cir. 2017) (noting that the Seventh Circuit had "joined with the First, Second, and Eighth Circuits" in holding that a defendant must raise a multiplicity objection through a pretrial motion); *United States v. Lyons*, 703 F.2d 815, 821 (5th Cir. 1983) (ruling that "a party who fails to raise defenses and objections based on defects in the indictment before trial waives the objections, unless good cause is shown"); *Joyner v. United States*, 320 F.2d 798, 799 (D.C. Cir. 1963) (holding that a challenge to an indictment based on duplicity, another type of motion that must be made before trial under Rule 12(b)(3), comes too late when made after a conviction).

Where a defendant properly raises a multiplicity objection in a pretrial motion, a court may remedy the defect by requiring the Government to dismiss a multiplicitous count. *See, e.g., United States v. Seda*, No. 91-CR-495 (LLS), 1992 WL 18273 at *3-*5 (S.D.N.Y. Jan. 29, 1992) (holding that an indictment charging a defendant under two separate statutes for the same false statements in loan applications was multiplicitous and concluding the Government "must elect

between counts . . ."); *see also United States v. Richards*, 393 F. App'x 266, 268–69 (6th Cir. 2010) (affirming district court's decision to grant continuance to allow government to consolidate two multiplicitous counts based on false statements before proceeding with trial); *United States v. Urlacher*, 784 F. Supp. 61, 65 (W.D.N.Y.)*, aff'd,* 979 F.2d 935 (2d Cir. 1992) (consolidating multiplicitous counts of conspiracy and embezzlement).

 In opposition to Ms. Dumitru's motion, the Government cites authority for the proposition that multiplicity issues should be raised and addressed at sentencing. However, the Government fails to reconcile this authority with Rule 12(b)(3)'s requirement, as confirmed by the Second Circuit in *Sinnott* and *Ozbay*, that challenges to multiplicity must be made before trial. Thus, the Government appears to adopt the position that a defendant is required by Rule 12(b)(3) to make a pretrial motion that should never be granted. According to the Government's reading, Rule 12(b)(3) serves no purpose other than to trap defendants who fail to move pretrial into waiving their Fifth Amendment rights. The Government's position is unreasonable, renders motions under Rule 12(b)(3) virtually meaningless, and should be rejected. *See Puello v. Bureau of Citizenship & Immigration Servs.*, 511 F.3d 324, 327, 330 (2d Cir. 2007) (ruling that statutes "must, if reasonably possible, be construed in a way that will give force and effect to each of its provisions rather than render some of them meaningless" and should be read in a way that "does not lead to anomalous or unreasonable results.") (internal citations omitted).

 The Court should instead rule that multiplicitous counts evident on the face of the indictment should be dismissed before trial while multiplicitous counts that cannot be discerned without an evidentiary record should be addressed at a later phase of the case. Other courts have adopted precisely this rule. *See, e.g., United States v. Miller*, 26 F. Supp. 2d 415, 422 (N.D.N.Y. 1998) (ruling that "if an indictment is multiplicitous on its face, then the multiplicitous count(s)

should be dismissed pre-trial") (citing *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981)); *see also United States v. Viserto*, 596 F.2d 531, 538 (2d Cir. 1979) ("Since the alleged duplicitous character of the counts appears on the face of the indictment, appellants could have moved before trial to dismiss the indictment."). In contrast, where it cannot be determined from the bare allegations whether the acts constitute "a single offense, or more than one" the court "may have to await the trial on the facts" to address the issue. *Miller*, 26 F. Supp. 2d at 422–23 (quoting *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 224, 73 S. Ct. 227 (1952)).

Indeed, the cases cited by the Government for the proposition that multiplicitous counts should be resolved at sentencing rather than through a pretrial motion involve some dispute about whether the charges were, in fact, multiplicitous. *See United States v. Josephberg*, 459 F.3d 350, 352 (2d Cir. 2006) (noting that the government contended that the counts did not "impermissibly overlap"); *United States v. Mostafa*, 965 F. Supp. 2d 451, 463, n. 12 (S.D.N.Y. 2013) (declining to address at the pretrial stage the defendant's argument that several paired conspiracy and substantive counts were multiplicitous and noting that conspiracy charges could be found to be distinct based on a multi-factor test).

In this case, the bare allegations on the face of the Indictment demonstrate that Counts One and Two are multiplicitous. Both counts employ virtually identical language and charge Ms. Dumitru with making false statements to the Department of Homeland Security and the Department of Justice in asylum applications submitted between 2012 and 2017. Moreover, the two charged offenses – 18 U.S.C. § 1546(a) for "Asylum Fraud" and 18 U.S.C. § 1001 (a)(2) and (3) for "False Statements" – do not each require proof of a fact the other does not. The charges

therefore fail the *Blockburger* test.  See *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180 (1932).

If the Government is permitted to proceed with two multiplicitous counts that charge Ms. Dumitru with only one crime, Ms. Dumitru will suffer prejudice.  The Government will get two "at bats" when it is entitled to only one, potentially unfairly increasing the probabilities of a conviction.  And by presenting twice as many charges as it should, the Government will create "an exaggerated impression of [her] criminal activity," *United States v. Polizzi*, 257 F.R.D. 33, 36 (E.D.N.Y. 2009), which "may improperly prejudice a jury by suggesting that [Ms. Dumitru] has committed not one but several crimes." *Reed*, 639 F.2d at 904.  These risks cannot be avoided by deferring the issue until after trial.

The Government does not deny that the two counts are multiplicitous on the face of the Indictment.  In the absence of a dispute, no evidentiary record is required to resolve Ms. Dumitru's multiplicity challenge.  Count Two should therefore be dismissed now to prevent constitutional error and unfair prejudice.

**II.   THE COURT SHOULD DIRECT THE GOVERNMENT TO PROVIDE A BILL OF PARTICULARS TO INFORM MS. DUMITRU OF THE FALSE STATEMENTS SHE IS CHARGED WITH MAKING**

Ms. Dumitru seeks a bill of particulars to identify the criminal acts of which she is accused.  The Government alleges that, in more than 180 asylum applications, Ms. Dumitru made false statements and representations about "certain" of her clients' "criminal histories, personal narratives of alleged persecution, and/or locations." Indictment ¶ 9.  The Government also alleges Ms. Dumitru forged the signatures of "certain" of her clients. *Id.*  Without knowing which statements the Government alleges to be false and which signatures the Government alleges to be forged, Ms. Dumitru cannot prepare her defense.  See *United States v. Mihaly*, No. 93-CR-33 (HGM), 1993 WL 185334, at *2 (N.D.N.Y. May 26, 1993), *aff'd*, 17 F.3d 1426 (2d

6

Cir. 1994) (ordering the government to provide the defendant with a bill of particulars because it was "necessary to the preparation of the defendant's defense").

The Second Circuit addressed an analogous situation in *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).  In that case, the defendants were charged with submitting false insurance claims for burglary losses and fire damage.  Although the Government produced evidence of fifteen burglaries and 4,000 documents, the defendants sought a bill of particulars identifying which of the burglaries and documents were alleged to be fake – a request the district court denied.  *Id*.  On appeal, the Second Circuit reversed the convictions, holding that, by denying the defendants' request for a bill of particulars, the district court effectively shifted the burden of proof impermissibly to the defendants by forcing them to explain documents and events that were ultimately "unrelated to the charges pending." *Id*. at 574-75.  The court explained:

> The relevance of key events was shrouded in mystery at the commencement of and throughout the trial. The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged.

*Id.* at 575; *see also United States v. Nachamie*, 91 F. Supp. 2d 565, 571 (S.D.N.Y. 2000) (ordering the government to provide the defendant with a bill of particulars when it failed to identify which of "2,000 Medicare claims" were allegedly false "and in what way they were false"); *United States v. Cafaro*, 26 F.R.D. 170, 172 (S.D.N.Y. 1960) (granting bill of particulars in financial fraud case and ordering government to disclose "in what respects it is claimed the statements contained in [defendant's loan] applications were false").

In its opposition, the Government cites its production of 184 asylum applications and other documents and contends that Ms. Dumitru's motion amounts to a request for the "wheres,

7

whens and with whoms" that is beyond the scope of a bill of particulars. Gov't Opp. Br. at 8 (internal citations omitted). However, Ms. Dumitru does not seek to know "where" the Government alleges she completed the allegedly false applications or "when" or "with whom" she did so. Instead, Ms. Dumitru seeks a bill of particulars to learn nothing more than "what" false statements and forgeries the Government alleges she submitted. This is the very purpose of a bill of particulars. *See United States v. Ghavami*, No. 10-CR-1217 (KMW), 2012 WL 2878126, at *2 (S.D.N.Y. July 13, 2012), *aff'd sub nom. United States v. Heinz*, 790 F.3d 365 (2d Cir. 2015) (explaining the purpose of a bill of particulars is to "identify with sufficient particularity the nature of the charge[s] pending against [a defendant], thereby enabling [her] to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should [s]he be prosecuted a second time for the same offense.")

     In the absence of this basic information, Ms. Dumitru will be forced to expend thousands of hours analyzing each of the 184 asylum applications, tracking down her former clients, and revisiting their personal histories in an effort to prove that each and every detail contained in their asylum applications is true. As in *Bortnovsky*, this would have the effect of impermissibly shifting the burden of proof from the Government to Ms. Dumitru. The Court should avoid this outcome by ordering the Government to produce a bill of particulars.

## CONCLUSION

For the foregoing reasons, Defendant Andreea Dumitru respectfully requests an order dismissing Count Two of the Indictment as multiplicitous, directing the Government to provide a bill of particulars identifying the false statements and forged signatures Ms. Dumitru allegedly submitted, and for such other relief as the Court may deem just and proper.

Dated: New York, New York
       June 4, 2018

                                        Respectfully submitted,

                                        SHER TREMONTE LLP

                                        By: /s/ Justin M. Sher
                                               Justin M. Sher
                                             Emma Spiro
                                        90 Broad Street, 23rd Floor
                                        New York, New York 10004
                                        Tel: 212.202.2600
                                        Fax: 212.202.4156
                                        jsher@shertremonte.com
                                        espiro@shertremonte.com

                                        *Attorneys for Andreea Dumitru*