

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 8, 2018

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Andreea Dumitru*, S1 18 Cr. 243 (LAK)

Dear Judge Kaplan:

    Late yesterday evening, the defense produced to the Government four exhibits (DX A through D) that defense counsel intends to offer this afternoon during the cross-examination of Mollie Isaacson. The Government respectfully submits this letter to request that the Court preclude these exhibits, two of which are cumulative (DX A and B), and two of which are neither probative of any legal defense nor properly admitted under any hearsay exception (DX C and D).

    By way of background, the Government has offered into evidence a series of I-589 asylum applications filed by the defendant (GX 600 through 634 and 636 through 704). The defendant filed one of those applications, GX 660, on March 6, 2014, on behalf of a client named Mariana Oaie. The narrative section of that application contains a personal story of persecution that is identical to stories contained in dozens of applications the defendant filed for unrelated clients. The defendant now seeks to offer documents that she filed nearly two years later, in 2016, on behalf of Oaie. Those documents include a supplementary affidavit and other materials purportedly from Oaie regarding her claim. Oaie was granted asylum.

**DX A and B**

    DX A and B should be precluded as cumulative of GX 660, which already is in evidence. DX A and B contain parts of GX 660, and nothing else. Their admission should be precluded pursuant to Rule 403 of the Federal Rules of Evidence, as they are needlessly cumulative.

**DX C and D**

    DX C and D should not be admitted because they are not probative of whether Oaie's I-589 contained false statements when it was filed, or whether those false statements were material to the asylum process. A defendant is entitled to present a defense only if it has a foundation in the evidence, *see United States v. Kwong*, 69 F.3d 663, 667 (2d Cir. 1995); *United States v. Bryser*, 954 F.2d 79, 87 (2d Cir. 1992), and as long as it does not fail as a matter of law, *see United States*

*v. Bakhtiari*, 913 F.2d 1053, 1057 (2d Cir. 1990). If there is a question of whether a defense is sufficient as a matter of law, the Court may conduct a hearing. *See Bakhtiari*, 913 F.2d at 1057. If the Court finds a defense insufficient as a matter of law, the Court is under no duty to allow the defendant to present the evidence, or advance the defense, to the jury. *See United States v. Paul*, 110 F.3d 869, 871 (2d Cir. 1997) (citing *United States v. Bailey*, 444 U.S. 394, 416-17 (1980)).

To the extent DX C and D are offered to show that either the defendant lacked criminal intent at the time she submitted a fraudulent I-589 on behalf of Oaie or that the statements were immaterial, on the theory that the defendant intended to correct those falsehoods years later, this defense lacks any basis in law. *See, e.g.*, *United States v. Johnston*, 617 F. App'x 706, 709 (9th Cir. 2015) (holding that attempted correction of defendant's false statement to investigators regarding her employment as government employee did not render the earlier false statement immaterial in prosecution for making false statement to investigator because attempted correction did not occur until several hours after she gave false statement, signed written affidavit attesting to its truthfulness, and learned that investigator already possessed information contradicting her initial statement).

Significantly, the question before the jury is not whether the defendant intended to deceive immigration officials, because intent to deceive is not an element of any of the charges in the indictment. Rather, the question is whether these falsehoods were made knowingly and willfully—that is, whether the defendant knew these statements were false when she made them, and whether she knew that it was illegal to submit falsehoods to immigration officials.

Additionally, these documents cannot be offered to establish the defendant's intent unless they are improperly admitted for the truth in the statements contained in the affidavit within DX C. The defendant cannot argue that her intentions were pure on the grounds that she intended to later supplement her false filings with truthful submissions, unless she offers those later submissions for the truth of the statements contained in those materials. In other words, it makes no difference that the defendant submitted additional materials later on in the asylum process unless those materials were, in fact, true. Unless the defendant—or her client—testifies that those submissions contained truthful statements, the affidavits that the defendant intends to offer as exhibits are hearsay and cannot be admitted for their truth. *See* Fed. R. Evid. 802. Unless these documents are offered for their truth, they have no relevance or probative value. *See* Fed. R. Evid. 402, 403.

To the extent the defense argues that these exhibits establish that the defendant's false statements in the original application were not material to the immigration judge's later consideration of the asylum claim, in light of the supplementary materials contained in DX C, these exhibits do not provide a factual basis for that argument. The defense exhibits establish only that (1) additional materials were submitted to the immigration court, and (2) the immigration court ultimately granted the client asylum. Nothing in these documents suggests that the immigration judge knew that the original claim contained falsehoods when the judge ultimately granted asylum. Thus, these documents cannot be offered to show that the false statements were immaterial to the judge's decision, because nothing in the documents suggests that the immigration judge knew the original filing was fraudulent when the claim was adjudicated.

In addition, after conferring with defense counsel, the Government understands that the defendant intends to offer DX D pursuant to Rule 803(8)(A)(iii) of the Federal Rules of Evidence,

which provides that "A record or statement of a public office [is excepted from the prohibition against hearsay] if (A) it sets out . . .(iii) in a civil case or against the government in a criminal case, *factual findings* from a legally authorized investigation." (Emphasis added.) DX D is titled "Order of the Immigration Judge," and is a check-box form that was completed by the immigration judge on January 9, 2017, and records the immigration judge's legal determination that Mariana Oaie was granted asylum. It does not contain any factual findings or recitations of any kind. In such circumstances, Rule 803(8)(A)(iii) does not apply. *See, e.g.*, *United States v. Davidson*, 308 F. Supp. 2d 461, 476 (S.D.N.Y. 2004) (concluding "with great confidence that I would not have admitted the report" pursuant to Fed. R. Evid. 803(8)(C)[1] because, among other reasons, "the memo contains absolutely no finding of fact—only a legal conclusion (no crime/any wrongdoing civil in nature)").

To the extent the Court would like additional briefing or time to consider these issues, the Government respectfully notes that Ms. Isaacson has no personal knowledge of the defendant's proposed exhibits and thus it is unnecessary for the defense to introduce them at this juncture.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York

By:    /s   
    Alison Moe
    Robert Sobelman
    Nicholas Chiuchiolo
    Assistant United States Attorneys
    (212) 637-2225/2616/1247

cc:    Justin Sher, Esq. (by ECF)
       Allegra Noonan, Esq. (by ECF)
       Jeffrey Hoffman, Esq. (by ECF)

---

[1] Rule 803(8)(A)(iii) was formerly Rule 803(8)(C).