# SHER TREMONTE LLP

November 8, 2018

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *United States v. Dumitru*
           (18 Cr. 243 (LAK))

Dear Judge Kaplan:

    We write in response to the Government's letter seeking to preclude the defense from introducing exhibits A through D. The defense also notified the Government this morning of its intent to introduce additional exhibits, E through J. The Court should allow the defense to introduce each of these exhibits.

    First, all but one of the exhibits are documents previously produced by the Government. The Government previously agreed to stipulate to the authenticity of any such documents. Exhibit E is a report by the U.S. Department of State, which is accessible directly from its website.[1] Thus, there is no dispute as to the authenticity of any of these documents.

**DX A and DX B**

    With respect to DX A and DX B, the Government argues it is needlessly cumulative because these documents are already contained in GX 660. The defense has no objection to using GX 660 instead of DX A and DX B.

**DX C and DX D**

    DX C and DX D are probative of both materiality and willfulness. On direct, Ms. Isaacson testified about what she would do if she saw the language in GX 675B repeated in other applications. She stated that, "if there was indications that concerns about the

---

[1]     *See* http://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2017&dlid=277209.

truthfulness of the individual application," the asylum center would likely deny the application and "refer that case in immigration court." (11/6/18 Tr. 54:2-12.)

DX C demonstrates that Mariana Oaie's asylum application, which bears Ms. Dumitru's name as the preparer, was subsequently supplemented through a detailed 142-page submission. The defense is introducing DX C, not for its truth, but for the fact that it was submitted to the Executive Office of Immigration Review ("EOIR") and contradicts several of the statements set forth in Oaie's I-589, GX 660. DX D is an order from EOIR granting asylum to Ms. Oaie. It indicates that, notwithstanding reasons to question the credibility of the applicant based on her inconsistent written submissions, her application was granted, and she received asylum. Together, this evidence is probative of whether statements appearing in Ms. Oaie's I-589, which raised credibility concerns, were material. Similarly, the fact that Ms. Oaie's application was supplemented substantially prior to the hearing is probative of whether Ms. Dumitru acted knowingly and willfully, as opposed to carelessly, when the I-589 was submitted. It suggests that Ms. Dumitru invested substantially more effort into submitting detailed, unique affidavits in advance of the hearing rather than the boilerplate language she included in the I-589. Contrary to the case cited by the Government, *United States v. Johnson*, 617 F. App'x 706, 709 (9th Cir. 2015), there is no evidence that EOIR already possessed information contradicting the original I-589. Regardless, even if such evidence existed, it should be used by the Government to attack the weight of DX C and D, not their admissibility.

The defense seeks to introduce DX D, an order from the EOIR granting asylum, to demonstrate that asylum was in fact granted to Ms. Oaie. DX D is admissible non-hearsay because it is a legally operative document, which is not being admitted for the truth of any independent assertion therein. *See Arasimowicz v. Bestfoods, Inc.*, 81 F. Supp. 2d 526, 530 (S.D.N.Y. 2000) (holding that confirmation letter was a "legally operative document" admissible as non-hearsay under Rule 801(c)). Even if the Court considered DX D as hearsay, it should be admitted under the exception for public records under Rule 803(8)(A)(iii). The Second Circuit has held that similar public records should be admitted for their truth under this exception. *See Henry v. Daytop Village, Inc.*, 42 F.3d 89, 96 (2d Cir. 1994) (holding that determination by administrative law judge at the New York Department of Labor was admissible as "factual findings resulting from an investigation" under Rule 803(8)(A)(iii)); *see also Felzcrek v. Immigration and Naturalization Service*, 75 F.3d 112, 116 (2d Cir. 1996) (holding that Form I-213, which contained "factual findings from an investigation" completed by an investigating INS agent was a public record pursuant to Rule 803(8)).

## DX E

The defense expects the Government to raise similar arguments with respect to DX E through J, which were sent to the Government this morning. DX E is a report issued by the U.S. Department of State, which is also a public record admissible for its truth pursuant to Rule 803(8)(A)(iii) of the Federal Rules of Evidence. *See Bridgeway Corp. v. Citibank*, 201 F.3d 134, 143 (2d Cir. 2000) (holding that U.S. State Department

Country Report for Liberia was admissible as public record because there was "little doubt" the report constituted "factual findings . . . gathered pursuant to legal authority.")

**DX F through J**

      DX F though J are records of another asylum applicant, Diamant Vaduva, whose records have not been introduced as exhibits by the Government. These documents serve the same function as DX A through D and are relevant to both materiality and willfulness.

      Respectfully submitted,

      /s/ Justin M. Sher

      Justin M. Sher
      Allegra Noonan

cc:    All counsel of record (by ECF)