

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 8, 2018

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Andreea Dumitru*, S1 18 Cr. 243 (LAK)

Dear Judge Kaplan:

    The Government respectfully submits this letter to request that the Court preclude defense counsel from asking leading questions during their direct examination of an Immigration Officer (the "Immigration Officer") with United States Citizenship and Immigration Services, whom the defendant has indicated she will call as a witness at the trial of the above-captioned matter.

    By way of background, at the request of Special Agents with Homeland Security Investigations, the Immigration Officer placed and recorded a series of telephone calls to the defendant's law firm and spoke with the defendant. Based on the defendant's opening statement, it appears that the defendant intends to call the Immigration Officer as a witness at trial and offer the recordings as evidence.

    Absent a showing that the Immigration Officer is a hostile witness pursuant to Rule 611(c) of the Federal Rules of Evidence, defense counsel should not be permitted to ask leading questions in their direct examination of the Immigration Officer. Pursuant to Rule 611(c) of the Federal Rules of Evidence, leading questions are not permitted on direct examination except, "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." As the Advisory Committee Notes to Rule 611 make clear, "it may be difficult in criminal cases to determine when a witness is "identified with an adverse party," and thus the rule should be "applied with caution." The Immigration Officer is not an adverse party and will appear as a defense witness without compulsory process. He assisted the investigation only in a limited capacity: he placed the above-referenced telephone calls at the request of the investigating agents, and translated other, unrelated recordings from Romanian to English to assist the investigating agents. Moreover, the Immigration Officer is not a law enforcement agent. Even if he were a law enforcement agent, the presumption that law enforcement agents are typically "identified with" the Government can be overcome where the Government makes "a positive showing . . . that the witness is not hostile, biased or so identified with the adverse party that the presumption of hostility which is the cornerstone of Fed. R. Evid. 611(c) should not be indulged." *United States v. Duncan*, 712 F. Supp. 124, 126 (S.D. Ohio 1988). Here, there is no basis to conclude that he will be hostile

November 8, 2018
Page 2

to defense counsel. Accordingly, defense counsel should be required to ask non-leading questions in their direct examination of the Immigration Officer unless and until the witness evinces bias, hostility, or recalcitrance during the examination. *See, e.g.*, *Harewood v. Braithwait*, No. 09 Civ. 2874 (PKC), 2013 WL 5366391, at *3 (E.D.N.Y. Sept. 23, 2013) (declining to permit leading questions "until such time the witness evidences hostility, bias, or recalcitrance during her testimony"); *S.E.C. v. World Info. Tech., Inc.*, 250 F.R.D. 149, 151 (S.D.N.Y. 2008) (same).

The Government has conferred with defense counsel, who indicated that they will not commit to refraining from posing leading questions to the Immigration Officer in their direct examination.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York

By: *Robert B. Sobelman*
    Nicholas W. Chiuchiolo
    Alison G. Moe
    Robert B. Sobelman
    Assistant United States Attorneys
    (212) 637-2225/2616/1247

cc: Justin Sher, Esq. (by ECF)
    Allegra Noonan, Esq. (by ECF)
    Jeffrey Hoffman, Esq. (by ECF)