

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 10, 2018

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Andreea Dumitru*, S1 18 Cr. 243 (LAK)

Dear Judge Kaplan:

    The Government respectfully submits this letter in the above-captioned matter to request that the Court strike certain testimony given by Richard Tcaciuc on cross-examination from the record and that the jury be given a curative instruction.

    By way of background, during Tcaciuc's direct examination, he testified as follows:

> Q. And were you held in jail or were you released on bail after that arrest?
>
> A. I was released on bail.
>
> Q. And did you appear in court when you were ordered to?
>
> A. No.

(Tr. 106.)

    During Tcaciuc's cross-examination, he testified as follows:

> Q. And as part of [the bail] process, you were asked by the court, if you're released, you must come back, correct?
>
> A. Yes.
>
> Q. And you swore to the court that you would come back, correct?
>
> A. Yes.
>
> Q. When you say "no," is that correct?

> A. Yes.
>
> Q. You did not go back?
>
> A. I didn't go back, yes, correct.
>
> * * *
>
> Q. Isn't it a fact that when you got out on bail, you had absolutely no intention of coming back, correct?
>
> A. Yes.
>
> Q. And so, when you told the judge and swore that you would come back, you knew that you were not telling the truth, correct?
>
> A. I -- I knew I wouldn't come back, yes.

(Tr. 147-48.)

At sidebar, the Court indicated its concern that defense counsel's line of questioning was not based in fact and that the witness may have answered mistakenly. (Tr. 150.)

The Government has confirmed that the criminal case to which defense counsel referred during cross-examination was brought by the Queens County District Attorney's Office in Queens County Criminal Court. The Government has conferred with a Senior Assistant District Attorney at the Queens County District Attorney's Office, who informed the Government that defendants are not required, as a matter of a law, procedure, or general practice, to swear an oath—or make a promise to a judge—when a judge sets bail conditions. Conceivably, it would be within the discretion of a judge to require such an oath, but in over twelve years of experience, the Senior Assistant District Attorney has never seen or heard of a judge placing a defendant under oath when setting bail conditions, or requiring a defendant to promise to return to court (under oath or otherwise). In addition, defendants in Queens County Criminal Court are released on bond as soon as someone posts the required bail amount. Defendants need not sign any form or bond in connection with their bail conditions (under penalty of perjury or otherwise).[1]

In light of what appears to be a lack of any basis for the questions posed by defense counsel and the apparently mistaken answers provided to those questions, the Government respectfully requests that the Court strike from the record the testimony appearing in the transcript on page 147, lines 15 through 25, and page 148, lines 1 and 8 through 11. In order to remedy any misimpression this testimony may have left on the jury, the Government respectfully requests that, in addition to instructing the jury to disregard that testimony, the Court also instruct the jury that the court in

---

[1] The Government has ordered a copy of Tcaciuc's arraignment transcript on an expedited basis, and will provide it to the Court and the defendant upon receipt.

November 10, 2018
Page 3

which Tcaciuc was charged does not require that a defendant swear under oath that he will return to court.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney for the
        Southern District of New York

By: *Robert B. Sobelman*
        Nicholas W. Chiuchiolo
        Alison G. Moe
        Robert B. Sobelman
        Assistant United States Attorneys
        (212) 637-1247/2226/2616

cc: Justin Sher, Esq. (by ECF)
     Allegra Noonan, Esq. (by ECF)
     Jeffrey Hoffman, Esq. (by ECF)