# SHER TREMONTE LLP

November 11, 2018

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *United States v. Dumitru*
     (18 Cr. 243 (LAK))

Dear Judge Kaplan:

  The defense respectfully submits this reply in response to the letter submitted by the Government this morning (11/11/18 Gov't Ltr., Dkt. No. 56) and in further support of Ms. Dumitru's request to introduce immigration files produced by the Government in this case.

  **1. Evidence of What Occurred in Asylum Applications Is More Probative of Materiality Than Ms. Isaacson's Speculation About Hypothetical Scenarios**

  In its letter, the Government contends that Exhibits DX C, D, and F through J are not probative of materiality in the absence of evidence that the immigration judge who adjudicated Mr. Vaduva and Ms. Oaie's applications knew the personal narratives in their I-589s were false. This is incorrect. The defense intends to elicit evidence from Ms. Isaacson that inconsistencies and contradictions on the face of Mr. Vaduva and Ms. Oaie's asylum applications indicate that information submitted with the original I-589s was false. Given that these contradictions and false statements are apparent from the documents themselves, the relevance of these exhibits is not dependent on independent evidence that the immigration judge reviewing them knew the personal narratives were false. Evidence that, notwithstanding these apparent false statements, immigration judges granted asylum after reviewing supplemental submissions and hearing from the witnesses themselves, will directly impeach Ms. Isaacson's testimony that false statements in application forms would necessarily "undermine the veracity of the entire claim." (11/6/18 Tr. 50:19-22.)

This evidence of what actually occurred in two asylum applications, which were heard on the merits at a final hearing, is substantially more probative of materiality than Ms. Isaacson's own testimony. As the Government acknowledges in its letter, Ms. Isaacson testified about what "she *would* do *if* she learned that near identical stories of persecution were contained in multiple applications for unrelated individuals." (Dkt. No. 56 at 1.) However, the Government has not presented evidence that Ms. Isaacson or any other asylum officer or immigration judge observed that identical stories of persecution were contained in multiple applications for unrelated individuals. In the absence of such evidence, Ms. Isaacson's testimony concerning materiality is purely speculative. The defense should have an opportunity to address this.

### 2. The Supplemental Submissions Are Not Being Introduced for Their Truth and Are Not Hearsay

Contrary to the Government's contention, the defense is not introducing the supplemental filings submitted on behalf of Mr. Vaduva and Ms. Oaie for the truth of any statements contained in those filings. On the contrary, the defense seeks to introduce these exhibits – DX D and I – solely to prove that the applications were, in fact, supplemented with additional details. From the face of these supplemental documents, Ms. Isaacson – and the jury – will be able to observe that the supplemental submissions contradict certain statements in the personal narratives set forth in the I-589s. The jury need not determine which statements or submissions contain truthful, accurate information to observe the inconsistencies and infer that some information must be false. As set forth above, evidence that, notwithstanding these apparent inconsistencies and inaccuracies, an immigration judge granted asylum, is highly probative of materiality.

### 3. The Exhibits Are Necessary to Complete the Record Pursuant to FRE 106

Finally, as the Government acknowledges in its letter, the I-589 and accompanying affidavits of Ms. Oaie have already been admitted into evidence as GX 660. The Government has also marked Mr. Vaduva's I-589 and accompanying affidavits as a Government exhibit, GX 707. Given that these portions of Ms. Oaie and Mr. Vaduva's asylum applications will be shown to the jury, the Court should allow the jury to see the complete asylum application, which in fairness ought to be considered pursuant to Rule 106 of the Federal Rules of Evidence.

Respectfully submitted,

/s/ Justin M. Sher

Justin M. Sher
Allegra Noonan

cc: All counsel of record (by ECF)