**SHER TREMONTE** LLP

November 13, 2018

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Dumitru*
               (18 Cr. 243 (LAK))

Dear Judge Kaplan:

    We respectfully submit this letter in opposition to the Government's motion to preclude expert testimony concerning certain customs and practices of immigration lawyers. The defense intends to call Professor Lenni Benson to testify, among other things, about the common practices of immigration lawyers advising asylum applicants. The Government has asked that such testimony be precluded to the extent Professor Benson describes practices that are inconsistent with the law.

    To convict Andreea Dumitru under 18 U.S.C. § 1001, the Government must prove that Andreea Dumitru acted knowingly and willfully. To act willfully "means to act with knowledge that one's conduct is unlawful and with intent to do something the law forbids, that is to say with bad purpose to disobey or to disregard the law." Sand, et al., *Modern Federal Jury Instructions*, Instr. 3A-3 (citing *United States v. Homa International Trading Corp.*, 387 F.3d 144 (2d Cir. 2004)). A defendant's conduct is not willful if it resulted from "a good faith misunderstanding of the requirements of the law." *Id.*

    In *United States v. Nektalov*, No. S203 Cr. 828, 2004 WL 1469487 (S.D.N.Y. June 30, 2004), the Court allowed the Government to present expert testimony on the customs and procedures in the jewelry industry to demonstrate the defendant's state of mind. The expert testified about common practices involving transactions for large quantities of gold and how members of the jewelry industry generally comply with anti-money-laundering requirements. The Government sought to use the defendant's departure from these practices to argue that the defendant intended to violate the law. As the court explained, the expert witness need not have personal knowledge of the facts of

the case to "assist the jury in determining whether defendant in this case acted with a culpable state of mind." *Id.* at *4.

In this case, Ms. Dumitru seeks to present expert testimony from Professor Lenni Benson for similar purposes. Evidence that Ms. Dumitru's practices conformed with those of other immigration lawyers will support the inference that Ms. Dumitru did not intend to do something the law forbids and instead acted based on a "a good faith misunderstanding of the requirements of the law." Sand, et al., *Modern Federal Jury Instructions*, Instr. 3A-3. While the Government is free to challenge this inference based on warnings contained in the relevant forms and other evidence, Ms. Dumitru should be permitted to introduce this evidence for the jury's consideration.

Respectfully submitted,

/s/ Justin M. Sher

Justin M. Sher
Allegra Noonan

cc: All counsel of record (by ECF)