

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 13, 2018

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Andreea Dumitru*, S1 18 Cr. 243 (LAK)

Dear Judge Kaplan:

    The Government respectfully submits this letter in response to the defendant's letter, dated November 13, 2018 (Dkt. No. 60), and in further support of the Government's motion to preclude expert testimony about common attorney practices to the extent those alleged common practices are inconsistent with the law and/or regulations (Dkt. No. 42 at 10).

    In the defendant's letter, she advances the argument that the proffered expert testimony is proper evidence of the defendant's intent with respect to Count Two of the Superseding Indictment, which alleges a violation of 18 U.S.C. § 1001. The defendant is wrong. The proffered expert apparently will not and could not offer any opinion as to the defendant's knowledge or intent at any relevant time period. Despite the proffered theory of relevance, the defendant has identified nothing in her expert disclosure or her letter that would suggest that the testimony at issue could permissibly be used to argue the defendant's lack of criminal intent with respect to the charged conduct. *Cf. United States v. DiDomenico*, 985 F.2d 1159, 1165 (2d Cir. 1993) (excluding expert testimony that attempted to tell the jury – either explicitly or implicitly through "semantic camouflage"– that the defendant's actions demonstrated that she lacked *mens rea*); *In re Rezulin Prods. Liability Litigation*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004) ("Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony."); *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 183 (S.D.N.Y. 2008) (speculative expert testimony about intent "cannot be saved by couching [the expert's] opinion as 'industry custom and practice'"). Indeed, "the question of intent is a classic jury question and not one for the experts." *Rezulin*, 309 F. Supp. 2d at 547 (quotation marks and alteration omitted). Generic testimony about practices of other immigration attorneys—whom the defendant may not have known, spoken with, or relied upon—will not and cannot assist the jury in their determination of whether the defendant acted willfully.

    In her letter, the defendant relies exclusively on *United States v. Nektalov*, No. S2 03 Cr. 828 (PKL), 2004 WL 1469487 (S.D.N.Y. June 30, 2004), which is completely inapposite. In *Nektalov*, the Court held that the Government could elicit expert testimony on

techniques used to launder drug proceeds, the ways in which money launderers attempt to avoid anti-money laundering laws, and how members of the jewelry industry comply with anti-money laundering requirements. *Id.* at *1. In holding that this type of evidence is admissible, the Court relied on a line of cases standing for the unremarkable proposition that the Government is permitted to explain to the jury, through expert testimony, the workings of criminal transactions and enterprises as helpful background information for the jury. *Id.* at *2. Here, the defendant seeks to elicit purported expert testimony that it is the common practice among immigration attorneys to file asylum applications that contain false statements. Neither *Nektalov* nor the cases it relies on stand for the proposition that a party can elicit expert testimony that it is common practice in a particular industry to break the law, for the purpose of suggesting to the jury that the defendant's conduct was not willful.

Moreover, the defendant's letter appears to ignore the context of this case. The defendant was warned in each I-589 she submitted of the unlawful nature of her actions with a specificity that a prospective lawbreaker rarely enjoys. (*See* GX 705 at 9.) There is no expert testimony that could explain away that warning. Testimony that immigration attorneys commonly submit applications in which they disingenuously sign such declarations is at odds with the law, the plain and clear language of the I-589, and would offer testimony of such little probative value, if any, that it would be far outweighed by the risk of misleading and confusing the jury. *See* Fed. R. Evid. 403; *see also United States v. Mulder*, 273 F. 3d 91, 101 (2d Cir. 2001) (court may exclude expert testimony under Rule 403 if its prejudicial effect substantially outweighs its relevance); *Cary Oil Co. v. MG Refining & Mkt., Inc.*, 257 F. Supp. 2d 768, 773 (S.D.N.Y. 2003) (excluding evidence that "would be distracting to the jury, focusing them on [] irrelevant issue[s]"). In any event, even if the defendant knew that other immigration attorneys were engaging in the same illegal conduct, it would not tend to show that she thought it was lawful; instead, it suggests that the defendant may have thought she would not get caught. Such testimony would also create a substantial risk of creating a trial-within-a-trial on what proportion of immigration attorneys commonly commit such crimes or engage in other similarly unethical or unlawful behaviors, and what other immigration attorneys generally know about their colleagues' practices. Depending on the testimony elicited on these topics, the Government likely would have to call one or more witnesses in a rebuttal case to respond. *See United States v. Ferguson*, 246 F.R.D. 107, 116 (D. Conn. 2007) (limiting the use of certain evidence, the introduction of which could have diverted the jury's attention to collateral questions and which risked "creating a trial within a trial") (citation omitted). There is no reason to open the door to a set of issues that are not properly before this jury.

November 13, 2018
Page 3

                                                    Respectfully submitted,

                                                    GEOFFREY S. BERMAN
                                                    United States Attorney for the
                                                    Southern District of New York

                                       By: _/s/ Robert B. Sobelman_____
                                                    Nicholas W. Chiuchiolo
                                                    Alison G. Moe
                                                    Robert B. Sobelman
                                                    Assistant United States Attorneys
                                                    (212) 637-1247/2225/2616

cc:     Justin Sher, Esq. (by ECF)
          Allegra Noonan, Esq. (by ECF)
          Jeffrey Hoffman, Esq. (by ECF)