UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: \\ /\'\/2o\8

       -against-                                18-cr-0243 (LAK)

ANDREEA DUMITRU,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## FURTHER ORDER ON GOVERNMENT'S MOTION *IN LIMINE*

LEWIS A. KAPLAN, *District Judge.*

        The remainder of the government's motion *in limine* [DI 42], which seeks to preclude some or all of the proposed testimony of defendant's expert witnesses, is disposed of as follows:

        1.     The government has represented that (a) the only statements that it will seek to prove were false were statements about specific instances of mistreatment said to have been experienced by specific individuals who were Ms. Dumitru's clients or members of their immediate families and in some cases statements about specified details of the ethnicity, background and prior experiences of individuals on behalf of whom she submitted asylum applications, and (b) it does not contend that any generalized statements about treatment of Roma in Romania were false. Whatever the treatment of Roma in general therefore has no bearing on whether the defendant knowingly and wilfully made, or caused the making of, false statements about mistreatment said to have been experienced by specific individuals who were Ms. Dumitru's clients or members of their immediate families and in some cases statements about specified details of the ethnicity, background and prior experiences of individuals on behalf of whom she submitted asylum applications. Moreover, as there has been, and presumably could not be, any showing that Ms. Dumitru knew the substance of the experts' opinions at the time she made the allegedly false statements, the opinions of the experts could not be relevant to her state of mind. In any case, expert testimony on this subject, even if otherwise admissible, would be unfairly prejudicial because it would tend to suggest a verdict based on sympathy for Roma and antipathy to any mistreatment some proportion of them they may suffer in Romania rather that a verdict based on the evidence in this case and the law. The unfair prejudicial effect of such testimony would outweigh substantially its probative value, if indeed it has any probative value on any point at issue in this case. Accordingly, defendant is precluded from offering expert testimony concerning allegedly common experiences of Roma in Romania and elsewhere.

        2.     For substantially similar reasons, defendant is precluded also from offering

expert testimony concerning common reasons why Roma come to the United States and their common experiences after coming to this country. Even if otherwise admissible, such testimony would tend to suggest a verdict based on sympathy for Roma rather that a verdict based on the evidence in this case and the law.

        3.     The government's request to preclude expert testimony that it is common practice among immigration attorneys to put language in asylum applications that is false or inaccurate, to sign such applications under penalties of perjury with knowledge of the falsity or inaccuracy or in reckless disregard thereof, and thus inconsistent with applicable laws and regulations, is granted.

        Should defendant call any of its proposed experts, the government will be free to raise any other objections at trial.

        SO ORDERED.

Dated:       November 14, 2018

                                      Lewis A. Kaplan
                              United States District Judge