

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 14, 2018

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Andreea Dumitru*, S1 18 Cr. 243 (LAK)

Dear Judge Kaplan:

    Upon the Government's arrival in Court this morning, the defense produced to the Government 62 exhibits totaling approximately 873 pages.[1] The Government respectfully submits this letter motion to preclude certain of the exhibits.

    **I.**    **Supplemental Affidavits and Other Materials Post-Dating I-589 Applications Should Be Precluded**

    The Government previously briefed its request that DX C and I be precluded in letter briefs dated November 8, 2018 (Dkt. No. 51), and November 11, 2018 (Dkt. No. 56). The defendant has now produced 12 additional exhibits of the same or similar type: DX U, BB, MMM, NNN, OOO, PPP, QQQ, SSS, TTT, VVV, ZZZ, and BBBB. These exhibits should be precluded for the same reasons that DX C and I should be precluded. (*See* Dkt. No. 51 at 1-2; Dkt. No. 56 at 3-4.)

    **II.**    **Check-Box Asylum Decision Forms And Other Similar Documents Should Be Precluded**

    The Government previously briefed its request that DX D and J be precluded in the above-referenced letter briefs. The defendant has now produced seven additional exhibits of the same or similar type: DX D-1, V, W, CC, J-1, Y, and Z. These exhibits should be precluded for the same reasons that DX D and J should be precluded. (*See* Dkt. No. 51 at 1-3; Dkt. No. 56 at 3-4.) Moreover, it appears that DX Y and Z relate to an individual for whom an I-589 asylum application

---

[1] For purposes of clarity, the 62 exhibits produced to the Government earlier today are: DX D-1, J-1, T, U, V, W, Y, Z, AA, BB, CC, DD, EE, FF, GG, HH, II, JJ, KK, LL, MM, NN, OO, PP, QQ, RR, SS, TT, VV, WW, XX, YY, ZZ, AAA, BBB, CCC, DDD, EEE, FFF, GGG, HHH, III, JJJ, LLL, MMM, NNN, OOO, PPP, QQQ, RRR, SSS, TTT, UUU, VVV, WWW, YYY, ZZZ, AAAA, BBBB, CCCC, DDDD, and EEEE.

is not in evidence, that is, they concern one of the defendant's clients who is not at issue in this case. The potential relevance and probative value of those exhibits is even more remote, and should be precluded on that ground alone.

### III. I-589 Asylum Applications For Clients Of The Defendant Not At Issue In This Trial Should Be Precluded

The defendant has marked as exhibits six I-589 asylum applications, some of which have supplemental materials attached: DX AA, UUU, WWW, YYY, AAAA, and DDDD. The defendant has indicated that she will not be offering these documents for the truth of the matters asserted therein. Nevertheless, these exhibits should be precluded because they are irrelevant and their introduction creates a risk of confusing the issues and misleading the jury that substantially outweighs the probative value, if any, of these documents.

The issue before the jury is whether the defendant knowingly (and for Count Two, willfully) submitted false statements in the 105 asylum applications that have been received in evidence (GX 600 through 610, 612 through 634, 636 through 674, 675B, 676 through 702, 703D, 704B, 706, and 707). It is entirely irrelevant whether the defendant submitted asylum applications of other individuals, and such applications have no probative value. The fact that these applications may not contain the same near-identical personal descriptions of the 105 asylum applications in evidence is of no moment. The admission of such evidence "would in effect be an attempt to demonstrate [the defendant's] good character by proof of specific good acts," which is patently inadmissible under the Rules of Evidence. *United States v. O'Connor*, 580 F.2d 38, 43 (2d Cir. 1978); *see also, e.g.*, *United States v. Benedetto*, 571 F.2d 1246, 1249-50 (2d Cir. 1978) (holding that evidence that defendant "had not taken bribes" on other occasions," purportedly offered to show that the defendant was therefore "unlikely to have taken the alleged bribes" charged in the indictment, was "improperly" admitted); *United States v. Doyle*, 130 F.3d 523, 541-42 (2d Cir. 1997) (proof of the defendant's "specific good deeds" contrary to the alleged criminal conduct not admissible to prove good character or to disprove knowledge or intent); *Shakur v. United States*, 32 F. Supp. 2d 651, 670 (S.D.N.Y. 1999) (evidence that the defendant did not engage in violent conduct on other occasions is inadmissible to prove his "good character"; "such proof of an assertion by a negative is inadmissible"). These exhibits should be precluded.

### IV. I-589 Asylum Application Submitted By Another Attorney Should Be Precluded

The defendant has marked as an exhibit one I-589 asylum application that was submitted by another attorney (not the defendant), on behalf of an individual who does not appear to be at issue in this case: DX CCCC. The defendant has indicated that she will not be offering these documents for the truth of the matters asserted therein. The Government cannot fathom how this could be relevant or probative of the issues before the jury. This exhibit should be precluded.

### V. Records of Deportable/Inadmissible Alien Should Be Admitted Only If Not Offered For the Truth, And If Related To Individuals At Issue In This Trial

The defendant has marked as exhibits 35 documents that are records of encounters by immigration officials with individuals who appear to have been clients of the defendant's: DX T, DD, EE, FF, GG, HH, II, JJ, KK, LL, MM, NN, OO, PP, QQ, RR, SS, TT, VV, WW, XX, YY,

ZZ, AAA, BBB, CCC, DDD, EEE, FFF, GGG, HHH, III, JJJ, LLL, and RRR.  These documents generally reflect immigration officials' reports that the individuals stated that they were Gypsies and/or had some type of fear of being returned to Romania.  Assuming that the defendant is not offering these documents for the truth of the statements that the defendant's clients made to immigration officials, the Government has no objection to the admission of the documents that relate to individuals whose asylum applications the Government contends contain false statements.  However, some of this category of exhibits do not appear to relate to the individuals at issue in this case: DX KK, TT, FFF, and EEEE.  The Government cannot conceive of how other of the defendant's clients' statements to immigration officials could be relevant or probative of the issues before the jury.  Those four exhibits should be precluded.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York

By: /s/ Robert B. Sobelman
    Nicholas W. Chiuchiolo
    Alison G. Moe
    Robert B. Sobelman
    Assistant United States Attorneys
    (212) 637-1247/2225/2616

cc:    Justin Sher, Esq. (by ECF)
    Allegra Noonan, Esq. (by ECF)
    Jeffrey Hoffman, Esq. (by ECF)