

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 15, 2018

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Andreea Dumitru*, S1 18 Cr. 243 (LAK)

Dear Judge Kaplan:

In light of the discussion with the Court concerning the jury charge this afternoon, the Government respectfully submits this letter to amend its requests to charge with respect to materiality for Counts One and Two. (*See* Dkt. No. 36 at 16, 23, 29.)

### Request No. 9
### Count One: False Statement in Immigration Document
### Fourth Element: Statement Was Material

The fourth element that the government must prove beyond a reasonable doubt is that the false statement related to a material fact.

Here, the Indictment alleges that the defendant made false statements in asylum applications submitted to the Department of Homeland Security and Executive Office for Immigration Review of the United States Department of Justice. For purposes of Count One, a falsehood is material if it has the potential significantly to affect the asylum process as a whole.

Please be mindful, however, that while the Government must prove that an alleged false statement was material, the Government is not required to prove that anyone actually relied on the alleged false statement. In other words, the Government is not required to prove that anyone in fact made a decision or took any action based upon the false statements at issue.

    Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 47-12;
    *United States v. Wu*, 419 F3d. 142, 146 (2d Cir. 2005); *United States*
    *v. Holmquist*, 36 F.3d 154, 159 (1st Cir. 1994).

**Request Nos. 15 and 22**
**Count Two: False Statement/Writing**
**False Statement – Second Element: Materiality; and**
**False Writing – Third Element: Materiality**

  The second element the government must prove beyond a reasonable doubt is that the defendant's statement or representation was material. Here, the Indictment alleges that the defendant made false statements in asylum applications submitted to the Department of Homeland Security and Executive Office for Immigration Review of the United States Department of Justice. For purposes of Count Two, a statement is material if it has a natural tendency to influence, or be capable of influencing, a decision of the Department of Homeland Security or the Executive Office for Immigration Review of the United States Department of Justice.

  Please be mindful, however, that while the Government must prove that an alleged false statement was material, the Government is not required to prove that anyone actually relied on the alleged false statement. In other words, the Government is not required to prove that anyone in fact made a decision or took any action based upon the false statements at issue.

  Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 36-11; *United States v. Litvak*, 808 F.3d 160, 170 (2d Cir. 2015); *United States v. Adekanbi*, 675 F.3d 178, 1832(2d Cir. 2012).

             Respectfully submitted,

             GEOFFREY S. BERMAN
             United States Attorney for the
             Southern District of New York

          By: *Robert B. Sobelman*
             Nicholas W. Chiuchiolo
             Alison G. Moe
             Robert B. Sobelman
             Assistant United States Attorneys
             (212) 637-1247/2225/2616

cc:  Justin Sher, Esq. (by ECF)
    Allegra Noonan, Esq. (by ECF)
    Jeffrey Hoffman, Esq. (by ECF)