LAW OFFICE OF
# DIANE FISCHER
421 Degraw Street, PH.H
Brooklyn, New York 11217
646.872.3505 | diane@dianefischerlaw.com

**MEMO ENDORSED**

March 1, 2021

<u>BY ECF</u>
Hon. Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *United States v. Andreea Dumitru*, 18-cr-243 (LAK)

Dear Judge Kaplan:

    I write on behalf of Andreea Dumitru to request appointment under the Criminal Justice Act to represent her on a motion for Compassionate Relief under <u>18 U.S.C. § 3582</u>(c)(1)(A)(i). After the jury verdict in her case before Your Honor, Ms. Dumitru retained me to assist in preparation for her sentencing. Upon her subsequent motion to proceed *in forma pauperis,* I was appointed by the Second Circuit as her CJA counsel on appeal.[1] Ms. Dumitru's appeal was argued on May 12, 2020, and is pending decision. *See* <u>Dkt. No. 19-1486</u>. Under Rule 37 of the Federal Rules of Criminal Procedure, while Ms. Dumitru's appeal is pending this Court may: "(1) defer considering the [compassionate release] motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."[2]

    Ms. Dumitru is serving a total sentence of 60 months' imprisonment, imposed by this Court on May 8, 2019. She has been incarcerated since November 19, 2018. She is incarcerated at the Camp at FCI Danbury (the "Camp") and is due to be released on February 21, 2023. Ms. Dumitru applied for compassionate release by writing to Warden Diane Easter on April 8, 2020, and was denied on May 5, 2020.

---

[1] I am not presently a member of the CJA panel in the Southern District or the Second Circuit. However, I am currently appointed as CJA associate counsel on *United States v. Lee*, 19 cr. 424 (VB), *United States v. Mordechay Malka*, 19 cr. 497 (NSR), and *United States v. Crossland*, 19 cr. 645 (KMK).

[2] Pursuant to <u>Federal Rule of Appellate Procedure 12.1</u>, Ms. Dumitru will "promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue," whereupon "the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal."



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/9/21

Hon. Lewis A. Kaplan
March 1, 2021
Page 2

I believe Ms. Dumitru has substantial grounds to make a motion for a sentence reduction via the compassionate release statute, and that she requires the assistance of counsel to explore and express the "extraordinary and compelling reasons" that warrant the requested relief. I have been in regular contact with her during the pendency of her appeal and am familiar with the circumstances she has endured since the beginning of the COVID-19 pandemic. From the outset, the communal environment of the Camp made it virtually impossible to contain the virus and its inevitable spread. The inability to effectively safeguard the inmates led to several periods of dorm-room quarantines and solitary confinement. Last June, Ms. Dumitru was placed in solitary confinement for 19 days after "potentially being exposed" to an inmate diagnosed with COVID-19. Ms. Dumitru was also quarantined in the sleeping cubicle of her dorm on three separate occasions for a total of 57 days. During these periods, she was allowed to leave the dorm for only one hour per day in order to use the phone and email. She was not permitted to go outdoors.

Despite over 75 days in isolation or near-isolation between March and December, 2020, Ms. Dumitru tested positive for Covid-19 on December 25, 2020. On December 28th, three days *after* the facility was aware of the positive test, Ms. Dumitru was transferred from the Camp to the Low Security facility, where she and 13 other positive inmates were isolated in a visiting room together until January 5, 2021. On February 27, 2021, in an article entitled "Vulnerable Inmates Left in Prison as Covid Rages," *The New York Times* wrote that FCI Danbury "offers a prism into the bureau's failure to contain the virus."[3] Thirty-four of the 50 inmates at the Camp tested positive in December, including Ms. Dumitru. *Id.*

Compassionate release encompasses, not just release, but a reduction in an inmate's sentence in recognition of the conditions of confinement she has endured and, not just the risk of infection, but the risks of re-infection. The issue of a defendant's worthiness of compassion is individualized and fact-specific; I believe that I will be able to present Ms. Dumitru's position to the Court in a cogent, organized, and comprehensive way that assists the Court in an evaluation of the merits. I therefore respectfully request that the Court appoint me under the Criminal Justice Act to pursue compassionate release on Ms. Dumitru's behalf.

Thank you for your consideration.

Respectfully submitted,

s/Diane Fischer

---

[3] Rabin, Roni C. "Vulnerable Inmates Left in Prison as Covid Rages," *The New York Times*, Feb. 7, 2021, *available at* https://www.nytimes.com/2021/02/27/health/coronavirus-prisons-danbury.html

The Court finds that there is good cause that renders the appointment of Ms. Fischer as being in the interests of justice for reasons stated above and hereby appoints her pursuant to the CJA, subject to approval of the Chief Judge, to represent defendant in seeking compassionate release.

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ
3/9/21

APPROVED

_____
Chief Judge
3/9/2021